**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

**CASE NO.: 6:16-CV-1459-ORL-37-DAB**

JOSHUA L. DE JESUS PLAUD,
SAMANTHA BROWN,
AMEERA ALNABOUT, and
PATRICK FORD

Plaintiffs,
vs.

CHIPOTLE MEXICAN GRILL, INC.,

Defendant.
_______________________________________________/

**FIRST AMENDED COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, JOSHUA L. DE JESUS PLAUD, SAMANTHA BROWN, AMEERA ALNABOUT, and PATRICK FORD (hereinafter, "Plaintiffs"), through counsel, sue Defendant, CHIPOTLE MEXICAN GRILL, INC. (hereinafter, "Defendant") and allege the following:

1. This is an action for unpaid minimum wage and overtime brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2. Plaintiffs are past employees of Defendant and all events giving rise to this action arose in this Court's venue.

3. Defendant, CHIPOTLE MEXICAN GRILL, INC., is a foreign for profit corporation domiciled in the State of Colorado, which conducts business throughout the nation and within this judicial district.

4. At all times material hereto, Defendant, CHIPOTLE MEXICAN GRILL, INC., was engaged in commerce in the fast food restaurant business. In furtherance of said business, Defendant's employees handled, sold, or otherwise worked with goods or materials that have been moved in or produced for such commerce.

5. At all times material hereto, Defendant CHIPOTLE MEXICAN GRILL, INC., was the "Employer" of Plaintiffs as that term is defined under the statutes referenced herein and was an "Enterprise" as it, along with its employees, was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises, Plaintiffs accepted employment and began working for Defendant as restaurant employees.

7. Plaintiff, JOSHUA L. DE JESUS PLAUD, worked as a service manager from January 20, 2015 to July 29, 2016. The period for which he is claiming damages is from **on or about November 1, 2015 to July 29, 2016 (approximately 39 weeks)**. He made $12.00 per hour, and worked an average of approximately 55 hours per week, but was only compensated for approximately 38 hours per week. As such, he accrued damages representing unpaid straight time for uncompensated hours worked up to and including 40 hours per week and uncompensated hours worked for over 40 hours per week. The damages incurred are as follows:

   a. <u>Overtime</u> - 39 weeks worked x $12.00 per hour x 1.5 x 15 hours of unpaid overtime per week x 2 (liquidated damages) = $21,060.00.

   b. <u>Straight time</u> - 39 weeks worked x $12.00 per hour x 2 hours of unpaid straight time per week = $936.00

8. Plaintiff, SAMANTHA BROWN, worked as a kitchen manager in training from September 9, 2015 to February 21, 2016. The period for which she is claiming damages is from on or about **November 1, 2015 to February 21, 2016 (approximately 16 weeks)**. She made $9.08 per hour, and worked an average of approximately 48 hours per week, but was only compensated for approximately 37 hours per week. As such, she accrued damages representing unpaid straight time for uncompensated hours worked up to and including 40 hours per week and uncompensated hours worked for over 40 hours per week. The damages incurred are as follows:

a. <u>Overtime</u> - 16 weeks worked x $9.08 per hour x 1.5 x 8 hours of unpaid overtime per week x 2 (liquidated damages) = $3,486.72.

b. <u>Straight time</u> - 16 weeks worked x $9.08 per hour x 3 hours of unpaid straight time per week = $435.84.

9. Plaintiff, AMEERA ALNABOUT, worked as a cashier from November 20, 2015 to August 2, 2016. The period for which she is claiming damages is from on or about **November 20, 2015 to July 27, 2016 (approximately 36 weeks)**. She made $9.15 per hour, and worked an average of approximately 52.5 hours per week, but was only compensated for approximately 37 hours per week. As such, she accrued damages representing unpaid straight time for uncompensated hours worked up to and including 40 hours per week and uncompensated hours worked for over 40 hours per week. The damages incurred are as follows:

a. <u>Overtime</u> - 36 weeks worked x $9.15 per hour x 1.5 x 12.5 hours of unpaid over time per week x 2 (liquidated damages) = $12,352.50.

b. Straight time - 36 weeks worked x $9.15 per hour x 3 hours of unpaid straight time per week = $988.20.

10. Plaintiff, PATRICK FORD, worked as a crewmember from June 1, 2016 to July 22, 2016. The period for which he is claiming damages is from on or about **June 1, 2015 to July 22, 2016 (approximately 7 weeks)**. He made $9.00 per hour, and worked an average of approximately 52 hours per week, but was only compensated for approximately 37 hours per week. As such, he accrued damages representing unpaid straight time for uncompensated hours worked up to and including 40 hours per week and uncompensated hours worked for over 40 hours per week. The damages incurred are as follows:

a. Overtime - 7 weeks worked x $9.00 per hour x 1.5 x 12 hours of unpaid overtime per week x 2 (liquidated damages) = $2,268.00.

b. Straight time - 7 weeks worked x $9 per hour x 3 hours of unpaid straight time per week = $189.00.

11. Defendant's management knowingly and willfully caused the underreporting of hours worked and failed to tender payment of wages due and owing to Plaintiffs.

12. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**(DEFENDANT, CHIPOTLE MEXICAN RESTAURANT, INC.)**
**(UNPAID OVERTIME)**

14. Plaintiffs reaver and reallege paragraphs 1-6, 7(a), 8(a), 9(a), 10(a) and 11-13 herein.

15. Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiffs seek recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

**COUNT II**
**(DEFENDANT, CHIPOTLE MEXICAN RESTAURANT, INC.)**
**(BREACH OF CONTRACT)**

17. Plaintiffs reaver and reallege paragraphs 1-6, 7(b), 8(b), 9(b), 10(b) and 11-13 herein.

18. Each Plaintiff at the time of commencement of employment with Defendant entered into an oral agreement with Defendant to perform work in exchange for an agreed to payment of a certain contractual amount.

19. Despite each Plaintiff having performed the agreed to work, Defendant routinely shorted Plaintiffs' paychecks and paid them less than their agreed to contractual amount.

20. Plaintiffs have been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiffs demand judgment against Defendant, interest, attorney's fees and costs pursuant to Fla. Stat. § 448.08 and such other remedies as the court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 8, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Goldberg & Loren, P.A.
100 South Pine Island Rd – Suite 132
Plantation, FL 33324
Phone: (954)585-4878
Facsimile: (954)585-4886
E-Mail: JLoren@Lorenlaw.com



__________________________
James M. Loren, Esquire
Bar No.: 55409

**SERVICE LIST**

Jon K. Stage, Esq.
**Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Telephone: (954) 462-9500
Fax: (954) 462-9567
jstage@stearnsweaver.com